# EXHIBIT 1

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>Court Address:  1437 Bannock Street<br>                         Denver, Colorado 80202<br><br>**Plaintiff(s): DANIEL J. TRAVERS**<br><br>**Defendant(s): JOHN ARCHER and GORDON TRUCKING, INC.**<br><br>*Attorneys for Plaintiffs*<br>Chad P. Hemmat, No. 20845<br>Ethan A. McQuinn, No. 36618<br>Jason G. Alleman, No. 42570<br>Anderson, Hemmat & McQuinn, LLC<br>5613 DTC Parkway, Suite 150<br>Greenwood Village, Colorado 80111<br>Phone Number: 303/782-9999<br>Fax Number: 303/782-9996<br>chad@andersonhemmat.com<br>ethan@andersonhemmat.com<br>jason@andersonhemmat.com | DATE FILED: June 10, 2013 3:57 PM<br>FILING ID: B0DD7CDB1B5C8<br><br>▲Court Use Only▲<br><br>Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

   **COMES NOW,** the Plaintiff, Daniel J. Travers, by and through his attorneys Anderson, Hemmat & McQuinn, LLC, and for his Complaint and Jury Demand against the Defendants, states and alleges as follows:

### INTRODUCTORY ALLEGATIONS

   1.   The Plaintiff is an individual who is a resident and domicilliary of the City of Aurora, County of Arapahoe, State of Colorado.

   2.   The Defendant, John Archer is a resident and domiciliary of the City of Avon, State of Indiana with an address of 430 Autumn Spring Drive, Avon, Indiana 43123.

   3.   The Defendant, Gordon Trucking, Inc. is a for profit corporation organized under the laws of the State of Washington and actively doing business in the State of Colorado.

4.     This court has jurisdiction over the subject matter of this action and the parties hereto and venue is proper in the City and County of Denver as the county where the accident occurred giving rise to the present action.

5.     On October 12, 2012 at approximately 11:53 a.m. Plaintiff was driving a 2008 Toyota Tundra while in the course and scope of his employment and was proceeding eastbound on Stapleton Drive near the intersection of North Monaco Street in the City and County of Denver, State of Colorado. At that same time and place, Defendant Archer, driving a 2010 Freightliner Truck owned by Defendant Gordon Trucking, Inc. was proceeding southbound on North Monaco Parkway and in a reckless, careless and negligent manner failed to stop for the red traffic signal and struck the vehicle driven by the Plaintiff, thereby resulting in injuries, damages and losses to the Plaintiff.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANT ARCHER**
(Negligence)

6.     Plaintiff incorporates herein all allegations contained in paragraphs 1 through 6 in the Introductory Allegations.

7.     The Defendant operated the vehicle in his charge in a reckless, careless and negligent manner and did so in such a fashion as to cause it to strike and collide with the vehicle driven by Plaintiff, thereby causing injuries and damages to the Plaintiff.

8.     As a direct, immediate and proximate result of the Defendant's negligent actions and/or omissions, the Plaintiff has been damaged.

9.     As a direct, immediate and proximate result of the Defendant's negligence as stated above, the Plaintiff has sustained severe injuries which said injuries are of a permanent nature and which have caused the Plaintiff great pain, suffering, discomfort and emotional distress and which will continue to cause the Plaintiff great pain, suffering, discomfort and emotional distress.

10.    As a direct, immediate and proximate result of the Defendant's negligence, the Plaintiff has incurred and will continue to incur medical, therapeutic, hospital and physician expenses.

11.    As a direct, immediate and proximate result of the Defendant's negligence, the Plaintiff has lost the ability to enjoy life as he did before the accident, has lost time, has suffered impaired earning capacity, economic losses and has lost time from work and has lost pay and salary.

12.    All damages to the Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

WHEREFORE, Plaintiff prays for relief all is as more particularly hereinafter set forth.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT ARCHER
(Negligence Per Se)

13. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 6 in the Introductory Allegations and the First Claim For Relief.

14. Defendant operated the vehicle in his charge which struck the vehicle driven by Plaintiff violation of traffic laws of our State including, but not limited to, C.R.S. § 42-4-1401, § 42-4-1402; and § 42-4-603.

15. At the time of the collision at issue in this suit, the Colorado Revised Statutes specifically set forth in the preceding paragraph were in effect.

16. A violation of these statutes constitutes negligence per se.

17. As a direct, immediate and proximate result of the Defendant's negligence per se, the Plaintiff has been damaged.

18. As a direct, immediate and proximate result of the Defendant's negligence per se as stated above, the Plaintiff has sustained severe injuries, which injuries are of a permanent nature and which have caused the Plaintiff great pain, suffering, discomfort and emotional distress and which will continue to cause the Plaintiff great pain, suffering, discomfort and emotional distress.

19. As a direct, immediate and proximate result of the Defendant's negligence per se, the Plaintiff has incurred and will continue to incur medical, therapeutic, hospital and physician expenses.

20. As a direct, immediate and proximate result of the Defendant's negligence per se, the Plaintiff has lost the ability to enjoy life as he did before the accident, has lost time, has suffered impaired earning capacity, economic losses, has lost time from work, and has lost pay and salary.

21. All damages to the Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

WHEREFORE, Plaintiff prays for relief all is as more particularly hereinafter set forth.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT GORDON TRUCKING, INC.
(Negligent Entrustment)

22. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 6 in the Introductory Allegations and the First, Second and Third Claims For Relief.

23. The Defendant knew, or in the exercise of reasonable discretion should have known, of the driving record and propensities of Defendant Archer and the fact that Defendant Archer had propensities to operate a motor vehicle in a negligent, careless and reckless fashion.

24. The Defendant with said knowledge, or without conducting any inquiry into the driving record and propensities of Defendant Archer to operate a motor vehicle in a negligent, careless and reckless fashion, did entrust the Defendant Archer to a vehicle owned by Defendant to operate on the roadways of the State of Colorado. The entrustment of the vehicle to be operated on the roadways of the State of Colorado with the knowledge of the driving record or the driving propensities of Defendant Archer or without inquiring as to same, was negligent and careless.

25. As a direct, immediate and proximate result of the Defendants' negligent actions and/or omissions the Plaintiff has been injured and damaged as identified as above.

26. All damages to the Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

WHEREFORE, Plaintiff prays for relief all is as more particularly hereinafter set forth.

WHEREFORE, on account of the matters set forth in the First and Second Claims For Relief, Plaintiff Daniel J. Travers, prays for a judgment in favor of the Plaintiff, Daniel J. Travers, and against the Defendant, John Archer in an amount which will fully compensate him for his injuries and damages in the past, present and future including for past, present and future medical expenses, for past, present and future pain and suffering, for personal injuries, for emotional distress, for loss of the ability to enjoy life as he did before the accident, for permanent physical injuries and for other non-economic damages, for interest on such sums as is provided by law, for attorneys fees, expert witness fees, costs and for such other and further relief as to this Court appears proper in the premises.

WHEREFORE, on account of the matters set forth in the Third Claim For Relief, Plaintiff Daniel J. Travers prays for a judgment in favor of the Plaintiff, Daniel J. Travers and against the Defendant Gordon Trucking, Inc. in an amount which will fully compensate him for his injuries and damages in the past, present and future including for past, present and future medical expenses, for past, present and future pain and suffering, for personal injuries, for emotional distress, for loss of the ability to enjoy life as he did before the accident, for permanent physical injuries and for other non-economic damages, for interest on such sums as is provided

by law, for attorneys fees, expert witness fees, costs and for such other and further relief as to this Court appears proper in the premises.

**PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) PERSONS**

Respectfully submitted this 10th day of June, 2013.

                                               ANDERSON, HEMMAT & McQUINN, LLC
                                               *s/ Chad P. Hemmat*

                                               _____
                                               Chad P. Hemmat, No. 20845
                                               Ethan A. McQuinn, No. 36618
                                               Jason G. Alleman, No. 42570

<u>Plaintiff's Address:</u>

853 South Rifle Way
Aurora, Colorado 80017