**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13–cv–01925–RM

DANIEL J. TRAVERS, an individual,

    Plaintiff,

v.

JOHN ARCHER, an individual, and
GORDON TRUCKING, INC., a Washington corporation,

    Defendants.

---

## ORDER REMANDING CASE

---

THIS MATTER comes before the Court *sua sponte*.

Plaintiff Daniel J. Travers ("Plaintiff") commenced this action in the District Court, City and County of Denver, seeking to recover damages from a motor vehicle accident. The state court Complaint alleges claims against Defendants John Archer ("Defendant Archer") and Gordon Trucking, Inc. ("Defendant Trucking") (collectively, "Defendants") for: (1) negligence (Defendant Archer); (2) negligence *per se* (Defendant Archer); and (3) negligent entrustment (Defendant Trucking).

Defendant Trucking's Notice of Removal, filed concurrently with Defendant Archer's consent to such removal, asserts the state court case can be removed because this Court has jurisdiction pursuant to 28 U.S.C. § 1332. This provision requires diversity of citizenship between the parties and an amount in controversy exceeding $75,000.00, exclusive of interest and

costs. The Court has reviewed the Notice of Removal and the state court Complaint to determine whether the requirements are met.

The state court Complaint contains no request for any specific amount of monetary relief or allegations that quantify or estimate injuries, damages and losses suffered. Instead, Defendants rely on Plaintiff's "District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third-Party Complaint" ("Civil Cover Sheet") where he checked a box stating he seeks monetary judgment over $100,000 against Defendants, including any attorney fees, penalties, and punitive damages, but excluding interest and costs as well as the value of any equitable relief sought. (ECF No. 1, Notice of Removal, page 3 & No. 1-2. page 2.)

The party invoking jurisdiction of the federal court bears the burden of establishing that jurisdiction is proper. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). "The amount of controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). There is also a presumption against removal jurisdiction. *Id.*

The Tenth Circuit Court of Appeals has not addressed the issue of whether Defendants may rely upon the Civil Cover Sheet filed by Plaintiff in the state court to establish jurisdiction. This Court finds the Civil Cover Sheet, by itself, is not sufficient to establish the amount in controversy for purposes of federal diversity jurisdiction. *E.g., Baker v. Sears Holdings Corp.,* 557 F.Supp.2d 1208 (D.Colo. 2007); *Aurora Bank, FSB v. Mortgage Master, Inc.,* No. 13-cv-00474-CMA-CBS, 2013 WL 2015810 (D.Colo. 2013) (unpublished); *Gabler v. HA Housing, LP,* No. 12-cv-02671-PAB-KMT, 2012 WL 4856734 (D.Colo. 2012) (unpublished). Accordingly, it is

**ORDERED** that, due to this Court's lack of subject-matter jurisdiction, pursuant to 28 U.S.C. § 1447(c) this case is **REMANDED** to the District Court, City and County of Denver, Colorado, where it was original filed as Civil Action No. 13CV32623.

DATED this 8th day of August, 2013.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge